IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

---------------------------------------------------------------------------------x
WILLIAM O. PERKINS, III,                    :
                Petitioner,            :            Case No. 3:25-cv-2
      vs.                                   :
                             :
THE DIRECTOR OF THE VIRGIN ISLANDS      :
BUREAU OF INTERNAL REVENUE,              :
                Respondent.            :
---------------------------------------------------------------------------------x

## MOTION TO TOLL INTEREST
### Oral Argument Requested

**COMES NOW** Petitioner, WILLIAM O. PERKINS, III, by and through undersigned counsel, hereby moves for tolling of interest pursuant to 26 U.S.C. § 7508A. In support thereof, the Petitioner states as follows.[1]

## APPLICABLE LAW

In 2019, Congress enacted the Robert T. Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act"), Pub. L. No. 100-707. The Stafford Act amended 26 U.S.C. § 7508A and provided for mandatory tax relief for taxpayers residing within any area for which a disaster is declared.

Section 7508A(d) provides:

(d) Mandatory 60-day extension.—
    (1) In general.—In the case of any qualified taxpayer, the period—
        (A) beginning on the earliest incident date specified in the declaration
to which the disaster area referred to in paragraph (2) relates, and

---

[1] Pursuant to Local R. Civ. P. 7.1(e), the undersigned sought the Respondent's position on Feb. 20th. Counsel for the Respondent needed to consult with her client but has not yet informed the undersigned what, if any, position Respondent takes on Section 7508A(d).

>    (B) ending on the date which is 60 days after the latest incident date
> so specified, shall be disregarded in the same manner as a period specified
> under subsection (a).

26 U.S.C. § 7508A (2019).[2]

Thus, 26 U.S.C. § 7508A, as mirrored to the USVI, *see* 48 U.S.C. § 1397, suspends the statutory requirement that permits the Virgin Islands Bureau of Internal Revenue ("BIR") to impose interest due from Virgin Islands taxpayers on tax underpayments. Pursuant to 26 U.S.C. § 6601(a), the default rule is that Virgin Islands taxpayers owe interest on underpayments because the BIR has not had use of that money (i.e., "underpayment interest").

Interest is automatically charged if any tax amount is not paid by the "last date prescribed for payment." 26 U.S.C. § 6601(a). Interest runs from the original due date of the return until the date the tax is paid in full. 26 U.S.C. § 6601(b)(4). 26 C.F.R. § 301.6601-1(a)(1). And filing an extension request does not stop interest from accruing. 26 U.S.C. § 6601(b)(1); 26 C.F.R. § 301.6601-1(c)(1). Interest is compounded daily. 26 U.S.C. § 6622(a); 26 C.F.R. § 301.6622-1(a).

On March 13, 2020, President Trump issued an emergency declaration under the authority of the Stafford Act for all states and territories (the "Emergency Declaration").[3] President Trump

---

[2] Section 7508A(d)(1) was further amended in 2021 to redefine the mandatory extension period to end "on the date which is 60 days after the later of . . . [the] earliest incident date . . . or the date such declaration was issued." Infrastructure Investment and Jobs Act, Pub. L. No. 117-58, § 80501(a)(1), 135 Stat. 429, 1335 (Nov. 15, 2021). However, the 2021 amendment was not made retroactive and does not affect Plaintiff's claims in this case. In Section 80501(b) of the Infrastructure Investment and Jobs Act, 135 Stat. 1335, Congress provided: "(b) EFFECTIVE DATE.— The amendment made by this section shall apply to federally declared disasters declared after the date of enactment of this Act." This amendment was enacted on November 15, 2021, and, as further described below, President Trump had by that time already declared the COVID-19 pandemic to be a disaster in all U.S. states and territories (including the Virgin Islands), and the District of Columbia.

[3] *See* https://trumpwhitehouse.archives.gov/briefings-statements/letter-president-donald-j-trump-emergency-determination-stafford-act/

wrote: "I have determined that the ongoing Coronavirus Disease 2019 (COVID-19) pandemic is of sufficient severity and magnitude to warrant an emergency determination under section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5121-5207 (the "Stafford Act"). . . . [A]s an initial step, I hereby determine, under section 501(b) of the Stafford Act, that an emergency exists nationwide."

President Trump then issued separate declarations, under Stafford Act Section 401(a), for all 50 states, the District of Columbia, and all U.S. territories, in which he declared that the COVID-19 pandemic constituted a major disaster in each of them (the "Stafford Act Disaster Declarations").[4]

All of the Stafford Act Disaster Declarations were substantively identical, and they all defined the duration of the major disaster as "beginning on January 20, 2020, and continuing."  *See* 85 Fed. Reg. 27426 (May 8, 2020) (Virgin Islands; Major Disaster and Related Determinations) ("I have determined that the emergency conditions in the territory of the U.S. Virgin Islands resulting from the Coronavirus Disease 2019 (COVID–19) pandemic beginning on January 20, 2020, and continuing, are of sufficient severity and magnitude to warrant a major disaster declaration under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5121 et seq. (the 'Stafford Act'). Therefore, I declare that such a major disaster exists in the territory of the U.S. Virgin Islands.").

Therefore, the COVID-19 pandemic also constituted a disaster that entitled all Virgin Islands taxpayers to the mandatory tax relief provided by the Stafford Act's amendment to Section 7508A.  *See* 26 U.S.C. § 7508A(d)(2)(A), (B) (defining "qualified taxpayers" to include those residing in, or with a "principal place of business in," a "disaster area"); 26 U.S.C. § 7508A(d)(3) ("For

---

[4] *See* https://www.congress.gov/crs_external_products/R/PDF/R46326/R46326.5.pdf.

purposes of this subsection, the term 'disaster area' has the meaning given such term under subparagraph (B) of section 165(i)(5) with respect to a Federally declared disaster (as defined in subparagraph (A) of such section).").

The Stafford Act Disaster Declarations were amended multiple times. The final amendment specified the ending incident date: "Notice is hereby given that the incident period for all COVID-19 major disaster declarations and the nationwide emergency declaration will close effective May 11, 2023." Major Disaster Declarations and Related Determinations: Expiration of COVID-19-Related Measures, 88 Fed. Reg. 8884 (Feb. 10, 2023).

## FACTUAL BACKGROUND

The Petitioner filed his 2020 tax return (Form 1040) with the BIR on October 15, 2021.

On October 15, 2024, the BIR issued the Petitioner a statutory notice of deficiency (Doc. # 2-1) alleging that the Petitioner owed a deficiency of $3,970,397.00.

## ARGUMENT

Notwithstanding that the BIR issued the statutory notice of deficiency on October 15, 2024, interest accrues pursuant to 26 U.S.C. § 6601(a) on the original due date (regardless of extensions, *see* 26 C.F.R. § 301.6601-1(c)(1)) of the Petitioner's 2020 tax return, i.e., April 15, 2021.  Thus, under normal circumstances, interest would have started accruing on April 15, 2021, and would be continuing until paid in full.

However, COVID-19 was far from normal.  The Tax Court has held that the COVID-19 Presidential disaster declarations and Section 7508A (as amended by the Stafford Act) triggered an automatic extension of tax filing deadlines effective January 20, 2020.  *See Abdo v. Comm'r*, 162 T.C. 148 (Tax Ct. 2024) (*en banc*).

In *Abdo,* the taxpayer "argue[d] that section 7508A(d) unambiguously provides a self-executing postponement period for all of the tax-related acts[.]" *Id.* at 160. The Tax Court agreed — "[our] understanding [is] that section 7508A(d) creates a mandatory postponement period[.]" *Id.* at 163. Accordingly, the Tax Court concluded that "[t]he postponement authorized under § 7508 generally applies to the *filing of returns, the payment of any tax, the assessment of any tax*, and the commencement of any suit. We read the language and context of section 7508A(d) to lend itself just as readily *to the same interpretation*." *Id.* at 166 (cleaned up, emphasis added).

Thus, applying Section 7508A(d) and *Abdo* to the case at bar, the requirement that Petitioner file his 2020 tax returns was tolled, the payment of any tax due was tolled, and interest accruing thereon also likewise was tolled. To put a finer point on it, the Section 7508A(d) extension of the filing deadline results in the "last date prescribed for payment," 26 U.S.C. § 6601(a), being extended as well.

To when?

"The plain meaning of that statute is that the automatic extension runs from the beginning of the disaster declaration, through the end of the declared disaster period, and until 60 days after the end of the declared disaster period." *Kwong v. United States*, 179 Fed. Cl. 382, 387 (Nov. 25, 2025). Accordingly, "under the 2019 amendment [i.e., the Stafford Act], the automatic, or mandatory, extension period began on January 20, 2020, and ended on July 10, 2023, 60 days after the [COVID-19] emergency declaration's latest incident date." *Id.* at 389.

Thus, interest was tolled from April 15, 2021 (the date the 2020 tax return was due), to July 10, 2023 (60 days after the COVID-19 emergency ended) – 816 days (or 2 years, 2 months, 25 days).

5

## CONCLUSION

**WHEREFORE,** for the reasons stated herein, the Court should toll statutory interest under

26 U.S.C. § 6601(a) by operation of 26 U.S.C. § 7508A(d) from April 15, 2021, to July 10, 2023.

## REQUEST FOR ORAL ARGUMENT

Petitioner requests oral argument pursuant to Local R. Civ. P. 7.1(d).

Respectfully submitted,

/s/ Joseph A. DiRuzzo, III                                      Feb. 27, 2026
Joseph A. DiRuzzo, III
VI Bar No. 1114
MARGULIS GELFAND DIRUZZO & LAMBSON
500 East Broward Blvd., Suite 900
Ft. Lauderdale, FL 33394
954.615.1676 (o)
954.827.0340 (f)
jd@margulisgelfand.com

6