IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. THOMAS AND ST. JOHN DIVISION

| | | |
|---|---|---|
| WILLIAM O. PERKINS, III, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 3:25-cv-00002 |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECTOR OF THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION**

The Petitioner, William O. Perkins, III ("Perkins"), asks this Court to resolve a question: Are bona fide Virgin Islands residents required to pay a tax meant to fund a program that does not exist in the Virgin Islands? This is undoubtedly a critical question for Perkins—a taxpayer facing a demand from the Virgin Islands government exceeding $670,000.00. The answer to that question is an unequivocal "no."

But the Court believes that an even more fundamental issue is at stake: In administering the mirror tax system, is the government of the Virgin Islands obliged to follow the law as set forth in Treasury Department regulations? The answer to that question is an unequivocal "yes."

## *I) Jurisdiction*

Before addressing the parties' arguments, the Court must establish the basis for its subject matter jurisdiction over this matter. Although neither party disputes jurisdiction, the Court still has

an independent obligation to ensure that this necessary threshold is met before reaching the substantive issues raised by Perkins and the Virgin Islands Bureau of Internal Revenue ("VIBIR").

The District Court of the Virgin Islands possesses the jurisdiction of a district court of the United States, and it possesses exclusive jurisdiction over all civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the amount involved. *See* 48 U.S.C. § 1612(a). The Third Circuit has held that because the U.S. Tax Court lacks jurisdiction over Virgin Islands territorial tax liabilities, Congress vested exclusive original jurisdiction over Virgin Islands income tax matters in the District Court of the Virgin Islands under the Organic Act. *See Dudley v. Comm'r*, 258 F.2d 182 (3d Cir. 1958).

## ***II) Background:***

This litigation stems from an October 2024 Notice of Deficiency issued to Perkins by the VIBIR. In this notice, the VIBIR asserted that Perkins owed an additional $3,970,397.00 in tax for the 2020 tax year. [ECF No. 2-1]. In response, Perkins filed a petition for redetermination of the deficiency before this Court. [ECF No. 1]. The Court does not address the entirety of that petition in this opinion.

However, one discrete issue presented by this litigation—and the sole issue the Court resolves today—arises from Perkins' motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which challenges a line-item in the Notice of Deficiency. [ECF No. 14]. Specifically, Perkins challenges a $673,032.00 adjustment for the Net Investment Income Tax ("NIIT") assessed against him by the VIBIR. [ECF No. 2-1, p. 3 (line 8c)].

### ***III) <u>Nature of Perkins' Motion for Partial Judgment on the Pleadings:</u>***

Under Federal Rule of Civil Procedure 12(c), a court may grant a motion for judgment on the pleadings only if the moving party clearly establishes that no material issue of fact remains to be resolved and that the party is entitled to judgment as a matter of law. In explaining the standard, the Third Circuit has stated:

> Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

*Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988) (internal quotation marks and citations omitted).

Critically, however, the Court is not required to accept legal conclusions alleged in or inferred from the pleaded facts. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The burden of establishing that judgment on the pleadings is appropriate rests on Perkins' shoulders. *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991).

Perkins' motion for partial judgment on the pleadings presents a facial challenge. Neither party disputes that the VIBIR assessed the NIIT against Perkins. Furthermore, this matter involves no factual dispute regarding how the NIIT was calculated nor the specific amount of tax due, if any. Rather, it presents a purely legal question: whether, as a matter of law, the VIBIR possesses authority to assess the NIIT against Perkins.

Where this opinion recites facts drawn from the record, it does so because those facts stand admitted on the pleadings. The Court has weighed no evidence and resolved no dispute of fact. Nothing stated in this opinion constitutes a finding of fact binding on either party at any subsequent stage of this litigation.

***IV) <u>The Net Investment Income Tax:</u>***

Congress enacted the NIIT in the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, which supplemented the Patient Protection and Affordable Care Act ("ACA"), Pub. L. No. 111-148. The NIIT is situated in Chapter 2A of the Internal Revenue Code, was designed as a mechanism to fund several programs contained in the ACA (commonly referred to as "Obamacare"). The NIIT imposes a tax of 3.8% on a taxpayer's net investment income, *e.g.* passive income such as interest, dividends, rents, royalties, capital gains, over certain thresholds, such as $250,000 for a married couple filing a joint tax return. *See* 26 U.S.C. § 1411(a) - (c). The statute is silent about whether bona fide residents of the Virgin Islands are obliged to pay the NIIT.

The ACA has never been applicable to residents of US territories. *See* 26 U.S.C. § 5000A(f)(4) (exempting residents of such federal territories from the individual mandate by providing that they are automatically treated as having "minimum essential coverage.")

The general inapplicability of the ACA to bona fide residents of the Virgin Islands was further underscored in a July 16, 2014, letter from the Administrator of the HHS Center for Medicare and Medicaid Services to the then-serving Lieutenant Governor of the Virgin Islands, which stated:

> . . . [T]he following Affordable Care Act requirements will not apply to individual or group health insurance issuers in the U.S. territories: guaranteed availability (PHS Act section 2702), community rating (PHS Act section 2701), single risk pool (Affordable Care Act section 1312(c)), rate review (PHS Act section 2794), medical loss ratio (PHS Act section 2718), and essential health benefits (PHS Act section 2707). Specifically, under this interpretation, the definition of "state" set forth in the PHS Act will apply only to PHS Act requirements in place prior to the enactment of the Affordable Care Act or subsequently enacted in legislation that does not include a separate definition of "state" (as the Affordable Care Act does). The Centers for Medicare & Medicaid Services (CMS) intends to issue regulations to affirm this interpretation and eliminate any text in the existing rules that is inconsistent with this interpretation (e.g., the

> definition of “state" that includes territories set forth in the rate review regulations at 45 CFR 154.1 02). Pending the completion of such rulemaking, CMS will apply this interpretation and will not subject health insurance issuers in the territories to the Affordable Care Act requirements at issue.[1]

***V)*** ***<u>The Legal Question:</u>***

Perkins asserts that the VIBIR cannot assess the NIIT against him because it is not a mirrored tax and, as such, is not applicable to bona fide residents of the Virgin Islands. [ECF No. 1, p. 1]. According to Perkins, Congress has vested the Department of the Treasury with sole authority to determine which portions of the Internal Revenue Code (IRC) are mirrored in the territory, and pursuant to that authority, Treasury has duly promulgated regulations providing that the NIIT does not apply to bona fide residents of the Virgin Islands. *See* 26 C.F.R. § 1.1411-2(a)(2)(vi)(A).

By contrast, the VIBIR asserts (unconvincingly) that it possesses authority to assess the NIIT against bona fide territorial residents. [ECF No. 9]. The VIBIR points to the underlying enactment of the NIIT, codified at 26 U.S.C. § 1411, and contends that under the mirror code framework set forth in 48 U.S.C. § 1397, just as the NIIT applies to mainland taxpayers, it likewise applies to bona fide residents of the Virgin Islands. [ECF No. 19, p. 5]. The VIBIR further asserts that it is not bound by Treasury Department regulations because they are merely “interpretative” and therefore do not carry the force of law. [*Id.,* p. 2].

This legal issue presents a matter of first impression in the District Court of the Virgin Islands. Having thoroughly considered the statutory and regulatory scheme, the Court will grant Perkins’ motion for partial judgment on the pleadings. The Court finds that the NIIT is not a mirrored tax and is therefore inapplicable to bona fide residents of the Virgin Islands. The Court

[1] https://www.cms.gov/CCIIO/Resources/Letters/Downloads/letter-to-Francis.pdf

further holds that the VIBIR is bound by Treasury regulations and that the $673,032.00 NIIT adjustment in the VIBIR's Notice of Deficiency issued to Perkins is invalid as a matter of law.

## *VI) Sources and Scope of Tax Laws in the Virgin Islands*

### *a) Constitutional Basis of Territorial Governance:*

The legal foundation governing all legislation and taxation in the Virgin Islands flows directly from the United States Constitution. Article IV, Section 3, Clause 2—the Territorial Clause—vests plenary authority over federal territories exclusively in Congress:

> The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State.

U.S. Const. art. IV, § 3, cl. 2.

Because the Virgin Islands is "not a sovereign state but . . . a territory," it possesses no inherent power to tax as an attribute of sovereignty. Therefore, any taxing authority exercised locally "must come as a grant from Congress." *H.D. Hettinger & Co. v. Municipality of St. Thomas & St. John*, 187 F.2d 774, 776 (3d Cir. 1951). Consequently, Congress possesses sole authority to establish the income tax laws of the territory and to designate which federal tax provisions apply within its borders.

### *b) Federal Statutory Scheme and the Mirror Code System*

Pursuant to its constitutional authority, Congress enacted the statutory framework governing Virgin Islands taxation, principally through the Naval Service Appropriations Act of 1921, codified at 48 U.S.C. § 1397, and the Internal Revenue Code of 1986 (IRC). Under 48 U.S.C. § 1397, Congress created the mirror system of taxation, whereby certain provisions of the IRC apply

in the territory by substituting "Virgin Islands" for "United States" wherever necessary to give the tax laws proper local effect. *See Bizcap, Inc. v. Olive*, 892 F.2d 1163, 1165 (3d Cir. 1989). Under this statutory scheme, bona fide residents of the Virgin Islands satisfy their obligation by filing a single return with the Virgin Islands Bureau of Internal Revenue. *See* 26 U.S.C. § 932(c)(2).

Crucially, Congress explicitly circumscribed the reach of the mirror system. The statutory mechanism applies exclusively to U.S. income tax laws under Subtitle A of the IRC. *See* 48 U.S.C. § 1397. Congress did not mirror estate and gift taxes (Subtitle B), employment taxes (Subtitle C), miscellaneous excise taxes (Subtitle D), or Chapter 2A taxes, such as the NIIT.

*c) Delegated Scope of Virgin Islands Legislative Authority*

Congress delineated the boundaries of local legislative power through the Revised Organic Act of 1954, providing that "[t]he legislative power and authority shall extend to all rightful subjects of legislation not inconsistent with the laws of the United States made applicable to the Virgin Islands." 48 U.S.C. § 1574. This statutory boundary precludes any conflict between federal and territorial law. While the Virgin Islands Legislature may enact independent local taxes (e.g., local property or excise taxes), it is explicitly barred from altering, expanding, or determining which federal tax provisions apply in the territory absent express congressional authorization.

Where Congress has intended to permit the Virgin Islands to alter its tax scheme, it has done so through targeted statutory grants, including the following:

- Tax Reductions: 26 U.S.C. § 934(b)(1) authorizes the territory to reduce or rebate tax on Virgin Islands-source or effectively connected income but confers no authority to increase tax rates or add un-mirrored federal taxes. Based upon this grant of authority, the Virgin Islands enacted and implemented the Economic Development Program (EDP) to promote local economic activity. Companies licensed under the EDP, that are doing business in the

Virgin Islands, can receive a 90% tax reduction on certain approved income that is sourced in the Virgin Islands.

- Surcharges: A 1976 amendment to the Naval Service Appropriations Act permitted the Virgin Islands to enact a local income tax surcharge of up to 10 percent on federal income tax liability. The Legislature enacted a surcharge for corporations in 1985 but never extended it to individuals.
- Independent Income Tax**:** Section 1271 of the Tax Reform Act of 1986 granted the Virgin Islands authority to enact a comprehensive, independent local income tax to replace the mirror code, a power the territory has never exercised.

These statutory exceptions illustrate that the Virgin Islands Legislature proactively utilizes the specific grants of congressional authority to modify its tax laws, when it chooses to do so. Therefore, the lack of local legislative action regarding the NIIT by the Virgin Islands legislature—a non-mirrored Chapter 2A tax—is particularly telling.

## ***VII) Relevant Treasury Department Regulations:***

As noted above, the congressional statute creating the NIIT is silent regarding whether it applies to bona fide residents of the Virgin Islands. Furthermore, the Virgin Islands Legislature has conspicuously declined to enact the NIIT in local law, even though it possesses the authority to do so if it so chooses.

Because of this legislative silence under the applicable federal statute, the Treasury Department issued regulations addressing this precise question. The regulations were promulgated pursuant to Treasury's broad statutory authority to issue regulations, as well as specific legislative authorization in the Internal Revenue Code of 1986. The broad statutory authority referred to by

the Court is conferred by Congress upon the Secretary of the Treasury to "prescribe all needful rules and regulations for the enforcement" of the Internal Revenue Code, including provisions applicable to U.S. possessions and territories. *See* 26 U.S.C. § 7805(a).

Additionally, in Section 1274 of the Tax Reform Act of 1986, Congress provided the Treasury Department a narrower and far more specific grant of authority to determine which provisions of the Internal Revenue Code apply in the Virgin Islands. As the Senate Finance Committee Report explained, "[t]he Secretary of the Treasury is given authority to provide by regulation the extent to which provisions in the Internal Revenue Code shall not apply for purposes of determining tax liability to the Virgin Islands." S. Rep. No. 99-313, at 483 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 4075, 4571.

Pursuant to that specific legislative authority, on December 5, 2012, the Treasury Department issued a notice of proposed rulemaking relative to the NIIT. In that notice of proposed rulemaking, the Treasury Department explained:

> Bona fide residents of U.S. territories that are mirror code jurisdictions have no income tax obligation (or related return filing requirement) with the United States provided, generally, that they properly report income and pay income tax to the tax administration of their respective U.S. territory. *See generally* sections 932, 934, and 935. Therefore, the tax imposed by section 1411(a) generally does not apply to bona fide residents of mirror code jurisdictions because they will not have an income tax liability to the United States if they fully comply with the tax laws of the relevant territory.

Net Investment Income Tax, 77 Fed. Reg. 72,612, 72,617 (proposed Dec. 5, 2012) (codified at 26 C.F.R. pt. 1).

Thereafter, following a notice-and-comment period, the Treasury Department issued a duly promulgated final regulation clarifying that the NIIT is not applicable to bona fide residents of the Virgin Islands and other territories that are mirror code jurisdictions. The applicable regulation

provides: “An individual who is a bona fide resident of a United States territory is subject to the tax imposed by section 1411(a)(1) [the NIIT] ***only*** if the individual is required to file an income tax return with the United States upon application of section 931, 932, 933, or 935 and the regulations thereunder.” 26 C.F.R. § 1.1411-2(a)(2)(vi)(A) (emphasis added).

This is a legislative regulation carrying the full force and effect of law. As the Supreme Court has emphasized: "The legislative power of the United States is vested in the Congress, and the exercise of quasi-legislative authority by governmental departments and agencies must be rooted in a grant of such power by the Congress and subject to limitations which that body imposes. Legislative, or substantive, regulations are issued by an agency pursuant to statutory authority . . . and have the force and effect of law." *Chrysler Corp. v. Brown*, 441 U.S. 281, 302–03 (1979) (internal quotation marks and citation omitted). The Third Circuit has similarly held: "We conclude that not only must statutory language be transposed but so must authorized implementing regulations as well." *Vitco, Inc. v. Gov't of the V.I.*, 560 F.2d 180, 181 (3d Cir. 1977).

***VIII) The Question of Deference***

Citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), the VIBIR suggests that its interpretation of its authority to collect the NIIT is still entitled to persuasive weight. Specifically, the VIBIR states:

> Courts may still ‘seek aid from the interpretations of those responsible for implementing particular statutes’ which ‘constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.’

[ECF No. 19, p. 3].

The VIBIR points to annual press releases that it has issued during tax season asserting that bona fide Virgin Islands residents are obligated to pay the NIIT. The VIBIR further relies on its

apparent long-standing administrative practice of collecting the tax. Regrettably, the VIBIR has things quite backward. *Loper Bright* has no bearing here. The Supreme Court has approached the question of deference from several distinct angles, and under established precedent, deference is appropriate only when the underlying regulation is ambiguous.

> If uncertainty does not exist, there is no plausible reason for deference. The regulation then just means what it means—and the court must give it effect, as the court would any law . . . [and] if there is only one reasonable construction of a regulation—then a court has no business deferring to any other reading, no matter how much the agency insists it would make more sense. Deference in that circumstance would permit the agency, under the guise of interpreting a regulation, to create de facto a new regulation.

*Kisor v. Wilkie*, 588 U.S. 558, 575–76 (2019) (internal citations and quotation marks omitted).

There is no ambiguity in the Treasury Department regulations. They plainly state that the NIIT is not applicable to bona fide residents of the Virgin Islands. Therefore, this Court will accord no deference to the VIBIR's position that it possesses statutory authority to assess the NIIT.

But there is a far more fundamental issue here. The Court is not merely resolving a disagreement over regulatory interpretation. Based upon the legal analysis set forth above, the VIBIR has acted *ultra vires*—a course of action this Court cannot permit to pass unnoticed.

According to the long-standing *Accardi* doctrine, an agency is strictly bound by its own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). In this instance, because the VIBIR lacks the legal authority to write its own tax regulations, it is bound by the duly promulgated legislative regulations of the United States Treasury. These regulations are not a menu at an all-you-can-eat buffet, from which the VIBIR can pick and choose which provisions to enforce and which to ignore. Without a statutory grant of authority from the Virgin Islands Legislature and in direct violation of clear, binding Treasury Regulations, the VIBIR's assessment of the NIIT against Perkins is *ultra vires* and void as a matter of law.

Furthermore, the Court is troubled by the VIBIR's assertion that it's "consistent interpretation and *enforcement* of the NIIT as a mirrored tax for the USVI residents aligns with its administrative function of clarifying and applying tax statutes within the territory's mirror code system." [ECF. No. 19, p. 5] (emphasis added). In *Brown v. Gardner*, 513 U.S. 115 (1994) the Supreme Court unanimously rejected an effort by the Veterans Administration (VA) to salvage one of its own regulations that was found to be contrary to law. Similar to the VIBIR, the VA argued in that 1994 Supreme Court case that it's longstanding interpretation deserved some level of judicial deference because the regulation had been in place and been enforced for decades.

Writing for the unanimous court, Justice Souter wrote "A regulation's age is no antidote to clear inconsistency with a statute, and the fact that [the regulation] flies against the plain language of the statutory text exempts courts from any obligation to defer to it." *Id*. at 121. Although the Court here is faced with an agency acting against the plain language of a binding regulation, the same principle enunciated by the Supreme Court in *Brown* applies here. The VIBIR cannot acquire lawful authority to do something merely by doing it unlawfully for a long time.

## ***IX) <u>Conclusion</u>***

None of this is new, nor should any of it come as a surprise to the parties. Forty-nine years ago, the Third Circuit held that the Treasury Department's implementing regulations are binding in the territory. Forty-seven years ago, the Supreme Court held that legislative regulations carry the force of law. Forty years ago, Congress gave the Treasury Department the authority to determine which parts of the Internal Revenue Code are mirrored in the Virgin Islands. Fourteen years ago, the Treasury Department issued legislative regulations establishing that bona fide residents of the Virgin Islands are ***<u>not</u>*** subject to the NIIT. And, in the sixteen years after passage of the

Obamacare law, the Virgin Islands legislature has declined to codify the NIIT in territorial law, despite its clear authority to do so. In the face of all this, the VIBIR assessed the NIIT against Perkins in 2024. In doing so, the VIBIR has acted contrary to law.

The Court, therefore, will **GRANT** Perkins' motion for partial judgment on the pleadings and an appropriate order will issue.

**Dated:** September 18, 2026. *s/ Evan Rikhye*

**EVAN RIKHYE**
**United States District Judge**