IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. THOMAS AND ST. JOHN DIVISION

| | | |
|---|---|---|
| WILLIAM O. PERKINS, III, | ) | |
| Plaintiff, | ) | CASE NO. 3:25-cv-00002 |
| v. | ) | |
| DIRECTOR OF THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is the Respondent's Motion for Reconsideration filed by the Director of the Virgin Islands Bureau of Internal Revenue ("Respondent" or "VIBIR") on October 16, 2026 [ECF No. 61], seeking reconsideration of this Court's September 18, 2026, Memorandum Opinion and Order granting Petitioner's motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) regarding the VIBIR's assessment of the Net Investment Income Tax ("NIIT").[1] [ECF No. 57]. Plaintiff William O. Perkins, III, filed an opposition to the motion on October 23, 2026 [ECF No. 63], to which the VIBIR filed a reply on October 30, 2026 [ECF No. 65].

[1] Local Rule of Civil Procedure 6.1(b)(ii) requires reconsideration requests "be filed within 14 days after the entry of the applicable order or decision …." LRCi 6.1(b)(5) allows a party to "seek an extension from the other party of the deadline otherwise prescribed" and requires the party seeking the extension to file notice of the negotiated extension prior to the filing date. On September 30, 2026, the VIBIR filed notice that the parties had negotiated a new filing date of October 16, 2026, for the reconsideration request [ECF 59]. Thus, the VIBIR's request is timely.

For the reasons discussed below, the Respondent's Motion for Reconsideration is **DENIED**.

## I. APPLICABLE LAW

Motions for reconsideration of interlocutory orders are governed by FED. R. CIV. P. 54(b), which grants courts broad power to revise non-final orders "at any time before the entry of a judgment." Local Rule of Civil Procedure 7.3 permits a party to seek reconsideration of an order or judgment where there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. LRCi 7.3; *accord Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are "not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Cabrita Point Development, Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the Virgin Islands*, 312 F.Supp.2d 731, 733 (D.V.I. 2004); *see also Kiewit Eastern Co., Inc. v. L & R Const. Co., Inc.*, 44 F.3d 1194, 1204 (3d Cir. 1995) ("Courts often take a dim view of issues raised for the first time in post-judgment motions"). Ultimately, reconsideration is an extraordinary remedy that should be granted sparingly. *The Bank of Nova Scotia v. Ross*, 2014 WL 4801086, at *9 (D.V.I. Sept. 26, 2014) (internal quotations omitted).

## II. DISCUSSION

The VIBIR moves for reconsideration based on a belief that the Court has committed two clear errors: (1) treating Chapter 2A as outside the scope of § 1397 despite Chapter 2A's placement within Subtitle A and the absence of any explicit textual exclusion; and (2) interpreting the federal filing-jurisdiction language of Treasury Regulation § 1.1411-2(a)(2)(vi)(A) to exclude the Net

Investment Income Tax ("NIIT"). [ECF No. 61]. Because the VIBIR does not allege or present briefing on an intervening change in controlling law or newly discovered evidence, the Court has no need to address them and finds that neither pertains.

The VIBIR alleges clear error, rather than manifest injustice. The Third Circuit has not adopted "strict or precise definitions for 'clear error of law or fact' and 'manifest injustice' in the context of a motion for reconsideration," but has suggested that there is substantial, if not complete, overlap between the two concepts." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312-13 (3d Cir. 2018) (citations omitted). The "focus is on the gravity and overtness of the error," and VIBIR must show that the Court committed a "direct, obvious, or observable error … and one that is of at least some importance to the larger proceedings." *Id*. "A motion for reconsideration 'does not permit a Court to rethink its previous decision, rather the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked.'" *Einhorn v. Kaleck Bros., Inc.*, 713 F.Supp.2d 417, 427 (D.N.J. 2010) (quoting *Buffa v. New Jersey State Dept. of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. 2003). The VIBIR does not present a direct, obvious, or observable error as required, but instead uses the motion to present entirely new arguments.

In its original opposition to Plaintiff's motion, the VIBIR argued that: 1) the regulation accompanying the NIIT is interpretive, and therefore the VIBIR's consistent interpretation of the statute is entitled to deference under *Loper Bright*; and 2) the NIIT is an income tax and, under the "mirror code" principle, therefore in force in the Virgin Islands, and the VIBIR has consistently advised Virgin Islanders as such. For the latter, the VIBIR's two-page argument cited to one case, *Chase Manhattan Bank, N.A. v. Gov't of V.I., Bureau of Internal Revenue*,[2] which it used to support

[2] 300 F.3d 320 (3d Cir. 2002).

the proposition that under the mirror code, U.S. income taxes are generally applied to the Virgin Islands but the proceeds assessed are paid directly to the Virgin Islands.

Here, in its motion for reconsideration, the VIBIR holds that its original argument—that the NIIT is a mirrored tax—contains multitudes that the Court failed to consider.[3] Perhaps recognizing that "[n]ewly raised but previously available arguments are not an appropriate basis for reconsideration," *FirstBank Puerto Rico v. Misite*, No. 17-09, 2019 WL 3843056, at *2 (D.V.I. Aug. 15, 2019), the VIBIR insists that these are not new arguments. The VIBIR proceeds then to provide nuanced statutory and case law analysis that was wholly absent in its initial motion. These arguments relate to the VIBIR's original argument only insofar as they refer to the mirror code, but the degrees of difference render them a difference in kind.

Critically, the VIBIR allows that its motion develops its argument "in response to the Court's interpretation of 48 U.S.C. § 1397 and Treasury Regulation § 1.1411-2(a)(2)(vi)(A)." [ECF No. 61 at 7-8]; *see also* [ECF 65 No. at 2-3] (asking the Court to reconsider the effects of the conclusions provided in its September 18, 2026). In that case, the VIBIR gets the order of operations completely wrong. The Court is not a litigant in this case. The VIBIR had ample opportunity to brief its opposition to the Plaintiff's motion and to inform the Court fully of how it interpreted the law. Given the apparent complexity of the VIBIR's interpretation of the applicable statute and case law, the VIBIR could have requested additional briefing[4] or oral arguments.[5] The

---

[3] The VIBIR explicitly abandons its initial argument that 26 C.F.R. § 1.1411-2 is an interpretive regulation. *See* [ECF 61 AT 2].

[4] LRCi 7.1(a) allows further response and reply by leave of the Court obtained prior to filing.

[5] LRCi 7.1(d) prescribes the manner in which a request for oral argument is made, requiring it to be "separately stated by the movant or respondent at the conclusion of the motion, response, or reply."

VIBIR did neither. In sum, the VIBIR's mode of analysis was available to it in August 2026, and the VIBIR chose not to present it. That choice cannot be unmade.

## III. CONCLUSION

The VIBIR fails to identify a direct, obvious or observable error made by the Court in reaching its decision. The VIBIR instead proposes a sophisticated competitor to the Court's analysis based in analysis that was available but not presented. Put another way, the VIBIR is attempting to register its disagreement with the Court's decision. That is not the purpose of a motion for reconsideration. The Court finds no clear error, and therefore no grounds for reconsideration of the Court's September 18, 2026, memorandum opinion. The Court denies the VIBIR's Motion for Reconsideration.

An appropriate Order follows.

**DATED**: November 4, 2026.

*/s/ Evan Rikhye*
**EVAN RIKHYE**
**United States District Judge**